UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:16-cr-00215 |
| | ) | |
| v. | ) | (CHIEF JUDGE CONNER) |
| | ) | |
| CHRISTIAN HOGAN, | ) | |
| AKA "Bigelo" | ) | (Electronically Filed) |

PRELIMINARY ORDER OF FORFEITURE
===

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Counts 4, 7, and 8 of the Indictment and violations of 18 U.S.C. § 924(c), 21 U.S.C. § 841(a)(1), and 18 U.S.C. §§ 922(g) and 924(e), for which the United States sought forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, the defendant shall forfeit to the United States:

   a. all firearms and ammunition involved in the offenses;

   b. all property constituting, or derived from, gross proceeds the defendant obtained directly or indirectly, as the result of such violations;

   c. all property used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

2. The court has determined, based on the defendant's Plea Agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, and that the government has established the requisite nexus between such property and such offenses:

    a. Smith and Wesson revolver, serial number 99K5478 with six rounds of .38 caliber CCI ammunition.

3. Upon the entry of this Order, the United States or its designee is authorized to seize the above property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above property.

5. Any person, other than the above-named defendant, asserting a legal interest in the above property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Any petition filed by a third party asserting an interest in the above property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the above property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the above property, any additional facts supporting the petitioner's claim and the relief sought.

7. No claim filed with the seizing agency in an administrative proceeding, nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the above property following the court's disposition of all third-party interests, including titled owners, spouses, and any other interested parties, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

11. Upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed

12. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Jenny P. Roberts, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this 18th day of December 2018.

/s/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
CHIEF UNITED STATES DISTRICT JUDGE